Jeffrey Harris, JH2121
Max Riederer von Paar
Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor
1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 861-0870

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ASSOCIATION OF HOLOCAUST VICTIMS FOR RESTITUTION OF ARTWORK AND MASTERWORKS, et al.**<br><br>                 **Plaintiffs,**<br>  v.<br><br>**FEDERATION OF RUSSIA, et al. and REPUBLIC OF GERMANY,**<br><br>                 **Defendants.** | **CV-04-8456 Swain, J.**<br>Electronically Filed |
| **ASSOCIATION OF HOLOCAUST VICTIMS FOR RESTITUTION OF ARTWORK AND MASTERWORKS, et al.**<br><br>                 **Plaintiffs,**<br>  v.<br><br>**FEDERATION OF RUSSIA, et al. and REPUBLIC OF GERMANY,**<br><br>                 **Defendants.** | **CV 04-8457 Swain, J**.<br>Electronically Filed |

Dockets.Justia.com

**FEDERAL REPUBLIC OF GERMANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, INSUFFICIENCY OF SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

The Federal Republic of Germany[1], by counsel, Rubin, Winston, Diercks, Harris and Cooke, LLP submits this memorandum of law in support of its motion pursuant to:

1.  Fed. R. Civ. P. 12 (b)(1) to dismiss the complaints against Germany for lack of subject matter jurisdiction because Germany is immune from the jurisdiction of the courts of the United States pursuant to 28 U.S.C. 1602, *et. seq.,* the Foreign Sovereign Immunities Act ("FSIA").

2.  Fed. R. Civ. P. 12(b)(5) to dismiss the complaints against Germany for lack of proper service of process pursuant to 28 U.S.C. 1608.

3.  Fed. R. Civ. P. 12(b)(2) to dismiss the complaints against Germany for lack of personal jurisdiction.

Germany, by counsel, therefore also moves this Court to vacate the Show Cause order entered by the Court on December 6, 2004 if it concludes that it lacks jurisdiction.

I.  **The Complaints should be dismissed for lack of subject matter jurisdictions as Germany is immune from the jurisdiction of the courts of the United States pursuant to 28 U.S.C. 1602,** *et. seq.,* **the Foreign Sovereign Immunities Act ("FSIA").**

Historically foreign sovereigns had no right to any immunity in the Courts of the United States. *Schooner Exchange v. M'Faddon*, 11 U.S. 166, 3 L.Ed. 287 (1812). However, while not a matter of right, the United States did, as a matter of grace and comity, waive its right to exercise its jurisdiction over foreign sovereigns in certain cases. *Id.* The Courts have deferred to

---

[1] Plaintiffs have improperly identified the Federal Republic of Germany (hereinafter "Germany") as the Republic of Germany in their complaints and correspondence with the Court.

the Executive Branch's determination as to whether to exercise or waive jurisdiction in cases involving foreign sovereigns. Until the early 1950s, the Executive Branch requested immunity for foreign sovereigns in all cases. *Verlinden B. V. v. Central Bank of Nigeria*, 461 U.S. 480, 486, 76 L. Ed 2d 81, 103 S. Ct. 1962 (1983). Thereafter the Executive Branch, acting through the Department of State, made inconsistent suggestions to the courts regarding sovereign immunity. In the wake of the resultant confusion and inconsistency Congress acted in 1976 by enacting the FSIA.

The FSIA contains a broad grant of sovereign immunity to foreign states, subject to specific enumerated exceptions. The broad grant is found in 28 U.S.C. 1603 and states:

> Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

The exceptions to this broad grant are contained in 28 U.S.C. 1605.[2] These statutory exceptions are the source of the federal district court's subject matter jurisdiction.

> The statute [FSIA] must be applied by the district courts in every action against a foreign sovereign, since subject-matter jurisdiction in any such action depends on the existence of one of the specified exceptions to foreign sovereign immunity. [citation and fn omitted] At the threshold of every action in a district court against a foreign state, therefore, the court must satisfy itself that one of the exceptions applies -- and in doing so it must apply the detailed federal law standards set forth in the Act.

*Verlinden B. V. v. Central Bank of Nigeria*, 461 U.S. at 483-484.

Section 1605 (28 U.S.C. 1605) contains a list of exceptions to the general grant of

---

[2] Section 1607 which addresses counterclaims by foreign states is not implicated in the instant motion.

immunity. Plaintiffs are attempting to allege that these cases fall within the exception contained in 28 U.S.C. 1605(a)(3). This subsection states that:

> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case--
>
> (3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

This exception applies to foreign states and to agencies or instrumentalities of foreign states. The elements that are required to be proved before the exception is applied so as to deprive the defendant of sovereign immunity are different for foreign states than they are for agencies or instrumentalities of foreign states. As Germany is a foreign state, the elements that must be alleged and established before this exception is operative so as to deprive Germany of sovereign immunity and give this Court subject matter jurisdiction are:

1. The property must have been taken in violation of international law.

2. The property or property exchanged for the property is present in the United States.

3. The property in the United States must be in the United States in connection with a commercial activity carried on by the foreign state.

As will be demonstrated below, it is unnecessary to consider the first or third elements since element 2 cannot be satisfied. In order for this Court to have subject matter jurisdiction under the above stated exception, the property in question must be present in the United States.

In order to determine whether, in fact, the property in question is in the United States the Court must look to the substance of the allegations. *Robinson v. Gov't of Malay*, 269 F.3d 133, 140 (2d Cir. 2001). The Plaintiffs, however, do not allege that the property in question is in the United States. Rather, the substance of the allegations in the complaints is that the property is in Russia and Hungary. This is confirmed by Plaintiff's counsel, Edward D. Fagan, in his letter to the Court dated December 3, 2004 wherein he informed the Court that, the complaint against Russia and Germany alleges the paintings in question "have been located in museums, storage and restoration facilities in Russia." (Fagan Letter p. 2). As to the complaint against Germany and Hungary, Mr. Fagan informed the Court that, the complaint alleges that the paintings in question "have been traced to museums, storage and restoration facilities in Hungary." *Id.* Given the facts as alleged by the Plaintiffs, there are no set of facts that the Plaintiffs could establish that would enable this Court to find that Germany should be deprived of sovereign immunity so as to be able to exercise subjection matter jurisdiction.

II.     **The complaints should be dismissed for improper service as there has not been proper service of the summons and complaints on Germany pursuant to 28 U.S.C. 1608.**

Plaintiff's counsel, Mr. Fagan left a copy of the two summons and two complaints at the office of the Consul General of the Federal Republic of Germany located at 1st Avenue and 49th Street in New York City. This purported service is not proper service as required by the FSIA, and pursuant to Fed R. Civ. P. 12(b)(5), the complaints should be dismissed.

The FSIA, at 28 U.S.C. 1608(a) sets out how service must be made in any action involving a foreign state. It states in pertinent part:

> (a) Service in the courts of the United States and of the States shall

  be made upon a foreign state or political subdivision of a foreign state:
(1) by delivery of a copy of the summons and complaint in
accordance with any special arrangement for service between the
plaintiff and the foreign state or political subdivision; or
(2) if no special arrangement exists, by delivery of a copy of the
summons and complaint in accordance with an applicable
international convention on service of judicial documents; or
(3) if service cannot be made under paragraphs (1) or (2), by
sending a copy of the summons and complaint and a notice of suit,
together with a translation of each into the official language of the
foreign state, by any form of mail requiring a signed receipt, to be
addressed and dispatched by the clerk of the court to the head of
the ministry of foreign affairs of the foreign state concerned, or
(4) if service cannot be made within 30 days under paragraph (3),
by sending two copies of the summons and complaint and a notice
of suit, together with a translation of each into the official language
of the foreign state, by any form of mail requiring a signed receipt,
to be addressed and dispatched by the clerk of the court to the
Secretary of State in Washington, District of Columbia, to the
attention of the Director of Special Consular Services--and the
Secretary shall transmit one copy of the papers through diplomatic
channels to the foreign state and shall send to the clerk of the court
a certified copy of the diplomatic note indicating when the papers
were transmitted.

 Section 1608(a) provides four methods of service. The first two involve either special arrangements between the United States and Germany or an international convention to which the United States and Germany are parties. Germany has no special arrangement with the United States for service of process of complaints against Germany, nor does it participate in any international convention that directs how service of process should be made upon Germany.[3] The last two methods involve the clerk of the court dispatching the summons and complaint to

---

 [3] The Hague Convention does address service of process on German citizens, but not upon the state. This is consistent with the understanding of the Clerk of the Court for the Southern District of New York. In the instructions published on the Court's web site, the Clerk of the Court sets out the procedures to be used under the Hague Convention for service pursuant to Fed R. Civ. P. 4(f)(2)(C)(ii) which relates to "Service Upon Individuals in a Foreign Country."

either the foreign minister of Germany or to the United States Secretary of State for further transmission through diplomatic channels to Germany.  Both of the latter methods require full German translations of all the papers to be served as well.  The Clerk of the Court for the Southern District of New York, as an aid to litigants, publishes on the Court's web site detailed instructions for effecting service on a foreign state under subdivision (a)(3) or (a)(4) of section 1608.   These require the serving party to provide a letter to the clerk, complete translations of all documents, an affidavit from the translator, various postal forms as well as payment for the postage.   It is clear from Mr. Fagan's letter to the Court, in which he explains that he attempted service by taking the summons and complaint "to the Republic of Germany's Consulate Office in New York" that Plaintiffs have not attempted, no less made, service in accordance with Section 1608(a) of the FSIA.  As a result the complaints should be dismissed pursuant to Fed. R. Civ. P 12(b)(5) as there was insufficient service of process.[4]

### III.    The complaints should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Under the FSIA, personal jurisdiction equals subject matter jurisdiction plus valid service of process.  *Reiss v. Societe Centrale Du Groupe Des Assurances Nationales*, 235 F.3d 738, 746 (2d Cir. 2000);  *Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1020 (2d Cir. 1991).  As argued above, Plaintiffs have not only failed to establish subject matter jurisdiction by establishing that one of the enumerated statutory exceptions to sovereign immunity applies, rather their complaints and accompanying papers affirmatively establish that they cannot rely on the

---

[4] Fed R. Civ. P. 4(c)(2) states that "Service may be effected by any person who is not a party. . . ."  Service by Mr. Fagan, who is a named plaintiff in both complaints, is insufficient and fatally defective.  Defendant asserts this as an alternate ground upon which to dismiss the complaints pursuant to Fed. R. Civ. P. 12(b)(5).

exception they refer to in their complaints as the property in question is not in the United States. Hence they fail to establish subject matter jurisdiction, which is the first of the two part test for personal jurisdiction under the FSIA. The second prong of the test is that there be valid service. Once again, as addressed above, the attempted service on the Consul General in New York does not comport with the statutory methods set forth in the FSIA. The Court does not have personal jurisdiction over Germany, as it does not have subject matter jurisdiction and service of process was insufficient. The Court should dismiss the complaint pursuant to Fed R. Civ. P. 12(b)(2).

## Conclusion

The Court should not entertain any preliminary relief in this matter. *Virginia v. Tenneco, Inc.*, 538 F.2d 1026, 1031 (4th Cir. 1976)(where the district court lacked jurisdiction over the subject matter of the suit; it also lacked authority to enter the TRO). Here the Court is without subject matter jurisdiction, personal jurisdiction and there has been a failure to properly serve Germany.

Dated: December 9, 2004                Respectfully submitted,

/s/ Jeffrey Harris
Jeffrey Harris, Esq. JH2121
Max Riederer von Paar
RUBIN, WINSTON, DIERCKS, HARRIS &
       COOKE, LLP
Sixth Floor, 1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 861-0870