Jeffrey Harris, JH2121
Max Riederer von Paar
Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor
1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 861-0870

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ASSOCIATION OF HOLOCAUST VICTIMS FOR RESTITUTION OF ARTWORK AND MASTERWORKS, et al.**<br><br>      **Plaintiffs,**<br> v.<br><br>**FEDERATION OF RUSSIA, et al. and REPUBLIC OF GERMANY,**<br><br>      **Defendants.** | **CV-04-8456 Swain, J.**<br>Electronically Filed |
| **ASSOCIATION OF HOLOCAUST VICTIMS FOR RESTITUTION OF ARTWORK AND MASTERWORKS, et al.**<br><br>      **Plaintiffs,**<br> v.<br><br>**FEDERATION OF RUSSIA, et al. and REPUBLIC OF GERMANY,**<br><br>      **Defendants.** | **CV 04-8457 Swain, J**.<br>Electronically Filed |

**FEDERAL REPUBLIC OF GERMANY'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, INSUFFICIENCY OF SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

The Federal Republic of Germany("Germany"), by counsel, Rubin, Winston, Diercks, Harris and Cooke, LLP, replies to Plaintiffs' opposition to Germany's Motion to Dismiss the complaints for lack of subject matter jurisdiction, insufficiency of service of process and lack o personal jurisdiction.

<u>Relevant Facts Since Appearing Before the Court on December 17, 2004</u>

At the conclusion of the December 17th hearing in this matter the Court set a briefing schedule as follows: Plaintiffs' opposition to the Motion to Dismiss was to be filed on December 29, 2004.  Germany's reply was to be filed on January 7, 2005.  The Court directed Plaintiffs to file all future filings electronically.  At about noon on December 29, 2004 Plaintiffs' counsel, Mr. Fagan called the undersigned and requested "a few days" extra time to file his opposition.  The undersigned responded that only the Court could change the schedule, but that he could represent to the Court that Germany would not object, so long as its time to reply was extended by a like number of days.  Mr. Fagan said he would attempt to secure the Court's approval and call back.  He never called back.  Then, on January 3, 2005, a facsimile copy of a purported opposition to the Motion to Dismiss arrived, along with another affidavit from Plaintiff Joram Deutsch.  While the latest Deutsch affidavit referred to attached exhibits, none were faxed  with the affidavit on January 3,2004.  On January 4, 2004 a portion of the exhibits to the Deutsch affidavit were sent by facsimile.  These consisted of 52 pages in German with no translation.  On January 5, 2004 other portions of the exhibits arrived.

The faxed Opposition made reference to Amended Complaints. However, a check of the docket revealed the following: Nothing has been filed in these cases since the court reporter filed a notation that the transcript of the December 17, 2004 hearing had been ordered. Hence, the Opposition faxed to counsel has not been filed, no amended complaints have been filed and nothing has been sent to the clerk to begin the process of properly serving any of the Defendants. Below signed counsel then checked with chambers and was informed that chambers received the same facsimiles as undersigned counsel. In addition chambers had no record of Mr. Fagan obtaining an extension of the filing deadline within which to file Plaintiffs' opposition.

These highly irregular facts make it very difficult to intelligently reply to Plaintiffs' Opposition because the Opposition is based upon imaginary amended complaints with allegations that neither undersigned counsel nor the Court has seen. Nevertheless Germany will attempt to address issues raised in the Opposition that are relevant to the original complaints that have been filed.

**I.      The Opposition Does Not Provide Any Support for the Notion That This Court Can Exercise Personal Jurisdiction over a Foreign Sovereign Which Has Not Been Served.**

During oral argument on December 17, 2004, Mr. Fagan told the Court that there was authority for the proposition that this Court could exercise jurisdiction over a foreign sovereign, even though the foreign sovereign has not been properly served so as to allow the Court to exercise personal jurisdiction over that sovereign. Mr. Fagan said that he would provide the Court and counsel with a copy of the case upon which he claimed he was relying on Monday, December 20, 2004. This he failed to do. Finally on January 3, 2004 he faxed to counsel (and perhaps to the Court) copies of two "Orders Preserving Evidence" entered by Judge Scheindlin in

March 2001 in a civil action in which some of the defendants were foreign business entities. These orders ( which apparently are unreported) prohibit the destruction of evidence by any of the parties. However these orders do not support the proposition that Mr Fagan advanced to the Court. First, it is not possible to tell from the orders whether the defendants had, in fact, been served. Second, and most importantly, Judge Scheindlin, carved out an exception to her order so the parties could comply with any directive of the Austrian government even if so doing would be contrary to the terms of Judge Scheindlin's order. Third, none of the parties in the case before Judge Scheindlin was a foreign sovereign. Beyond providing copies of these two orders, Plaintiffs' opposition provides no support for their argument.

## II.     Plaintiffs Misread the *Altmann* Case, Which Does Not Support Exercise of Jurisdiction Over Germany.

Plaintiffs' opposition states that the *Altmann* case[1], *Republic of Austria v. Altmann*, 541 U.S. 677; 124 S. Ct. 2240; 159 L. Ed. 2d 1(2004), supports their contention that this Court should and can exercise jurisdiction over Germany under the third exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. 1605(a)(3). That exception, discussed in Germany's opening brief, provides an exception to the general proposition that foreign sovereigns are immune from suit in the United States where a foreign sovereign has taken property in violation of international law and the property is in the United States in connection

---

[1] While Plaintiffs cite the Supreme Court decision in *Altmann*, that decision was limited to the issue of the retroactivity of the FSIA and nothing more. Hence, what they must be relying on is the decision below, *Altmann v. Republic of Austria*, 317 F.3d 954 (9th Cir. 2002). However it is clear from the opinion of the Court of Appeals that the Court of Appeals held that the defendant was not immune because "the Austrian Gallery is engaged in commercial activity in the United States. *Id.* at 968-969. This is the "agency or instrumentality of government" analysis which does not apply to a foreign sovereign such as Germany.

with commercial activity related to that property. Plaintiffs argue that in *Altmann* the case was permitted to proceed, even though the property in question was not in the United States. What Plaintiffs fail to discern is that *Altmann* concerned property taken by an <u>instrumentality</u> of a foreign sovereign. Exclusions from immunity, under the third exception, for instrumentalities of foreign sovereigns have different requirements. Instrumentalities of foreign sovereigns may lose their immunity even where the property is not in the United States. Not so, as with Germany, where the purported defendant is the foreign state itself.

      Plaintiff's failure to recognize the distinction is indeed curious, considering the fact that in their Opposition (at fax p. 22 as the document lacks pagination) they correctly set forth the proposition when citing *Gabay v. Mostasafan Foundation of Iran*, 151 F.R.D. 250 (S.D.N.Y. 1993). At fax p. 22 they state that the property does not have to be present in the United States "<u>so long as the property is owned by an agency or instrumentality of a foreign state</u> that is engaged in commercial activity in the US." (Emphasis added).

III.    **Plaintiffs Are Not Entitled to Discovery Since Germany Does Not, for Purposes of its Motion to Dismiss, Contest the Jurisdictional Facts Alleged by Plaintiffs.**

      Plaintiffs argue that they should be entitled to discovery on the question of jurisdiction under the FSIA. However, where the Defendant challenges only the legal sufficiency of the jurisdictional allegations made by Plaintiffs, the Court can rule, taking all the facts alleged in the complaint as true and drawing all reasonable inferences in Plaintiffs' favor. (See cases cited by Plaintiffs at fax p. 31). Such is the case here. Defendant Germany, for purposes of this motion, assumes the relevant jurisdictional facts alleged in the Complaints to be true. The operative facts are that the property in question is in Russia and Hungary. That being the case, it is axiomatic

that since the property is not in the United States, the third exception contained in the FSIA does not apply and therefore Germany has immunity under the FSIA.

**IV.     If the Court Grants Germany's Motion to Dismiss it Should Do So Pursuant to Fed Rule of Civil Procedure 54(b)**

It has become apparent that the defendants, other than Germany, have failed to enter appearances in these cases.  Hence, if this Court grants Germany's Motion to Dismiss, such an order will not dispose of all claims and will not be a final order unless the Court enters its order pursuant to Fed R. Civ. P 54(b).  This rule permits a court to direct entry of a final judgment as to less than all parties upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment.  Germany submits a revised proposed order to add a rule 54(b) determination.

Conclusion

"FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation."  *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir., 2000), *cert. denied*, 531 U.S. 979 (2000).  These plaintiffs have, to date, conducted this litigation in a manner that has been burdensome and failed to follow instructions from this Court as to deadlines and manner of filing.  A foreign sovereign appearing for the limited purpose of contesting jurisdiction should not be burdened by having to respond to litigants who fail to meet court imposed deadlines, fail to properly file papers, serve papers that, in reality, have not be filed with the Court and that refer to pleadings that do not exist.  This Court lacks subject matter jurisdiction over the filed Complaints as Germany is immune under the FSIA.  The Court lacks personal jurisdiction over Germany as Germany has not be properly

served.  Additionally, the Court should not enter any order in this case since it lacks both subject matter jurisdiction and personal jurisdiction over a foreign sovereign state.

Dated:  January 5, 2005                             Respectfully submitted,


                                       /s/ Jeffrey Harris
                                       Jeffrey Harris, Esq. JH2121
                                       Max Riederer von Paar
                                       RUBIN, WINSTON, DIERCKS, HARRIS &
                                                COOKE, LLP
                                       Sixth Floor, 1155 Connecticut Avenue, N.W.
                                       Washington, D.C. 20036
                                       (202) 861-0870


## CERTIFICATE OF SERVICE

     I certify that the above Defendant's Reply  were served by First Class United States Mail, postage, postage prepaid, on January 5, 2005 to the following attorneys for Plaintiff:

                Edward D. Fagan, Esq.
                140 Broadway
                46th Floor
                New York, NY 10005

                Morse Geller, Esq.
                277 Sycamore Street
                West Hempstead, NY 11552


                                       /s/ Adrienne M. Bauer